```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


VIRGIL SAVAGE,                    )
                                  )
            Plaintiff             )
                                  )
            v.                    )   CIVIL NO. 2:11 cv 100
                                  )
DR. LEON D. FINNEY, JR.;          )
GEORGETTE FINNEY; WOODLAWN COMM.  )
DEV. CORP.; OFFICERS and BOARD    )
COLLECTIVELY and INDIVIDUALLY;    )
THE WOODLAWN ORG.; CLARENCE       )
NIXON; CLARENCE NIXON CONSULTING  )
MANNING & SILVERMAN CO.; MOARIJ   )
KHAN & RESNIK GROUP,              )
                                  )
            Defendants            )
```

                           OPINION AND ORDER

This matter is before the court on the Motion to Strike Plaintiff's Sur-Reply [DE 38] filed by the defendants on August 1, 2011. The defendants filed a motion to dismiss, or alternatively to transfer venue, on March 31, 2011. The plaintiff, Virgil Savage, responded on June 25, 2011, and the defendants filed their reply brief on July 8, 2011. On July 19, 2011, Savage filed a document captioned "Plaintiff Surrebutter to Defendant Clarence's and CNC Group, LLC's Reply in Support of Motion to Dismiss, Or In The Alternative to Transfer Venue and For a More Definite Statement." The document addresses the same arguments he raised in his response brief and the defendants responded to in their reply. Savage did not seek leave of court

prior to filing the sur-reply, and the defendants now move to strike Savage's sur-reply. Savage did not respond to the defendants' motion to strike.

Local Rule 7.1(a) permits parties to file an initiating brief, a response, and a reply, but it does not contemplate the filing of a sur-reply or response to the reply brief. The court generally does not permit litigants to file a sur-reply brief. *Hall v. Forest River, Inc.*, 2008 WL 1774216, *n.3 (N.D. Ind. April 15, 2009); *Runkle v. United States*, 1995 WL 452975, *1 (N.D. Ind. May 9, 1995). However, "[a] surreply brief is occasionally allowed when it raises or responds to some new issue or development in the law." *Merril Lynch Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 2009 WL 3762974, *1 (N.D. Ind. Nov. 9, 2009) (*citing Hall*, 2008 WL 1774216 at *n.3). The court's decision to permit or deny a sur-reply brief is reviewed under an abuse of discretion standard. *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994).

The rules do not contemplate the filing of a sur-reply brief, and Savage was not entitled to file a sur-reply brief without seeking leave of court. Savage, however, filed his sur-reply without seeking permission. By failing to seek leave of court or to respond to the defendants' motion to strike, Savage has not demonstrated why his sur-reply was warranted, nor does

review of his sur-reply brief justify its necessity. Savage's sur-reply does not address new developments in the law nor does it respond to arguments that could not have been addressed in his initial response. Savage's sur-reply reiterates the position he took in his response brief and attempts to put forth more evidence to support the same. For this reason, his sur-reply brief is unnecessary, and the Motion to Strike Plaintiff's Sur-Reply [DE 38] filed by the defendants on August 1, 2011, is **GRANTED.**

ENTERED this 2nd day of September, 2011

s/ Andrew P. Rodovich
United States Magistrate Judge